IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ALEXIS BERG,<br><br>     Plaintiff,<br><br>v.<br><br>PATRICK BRYANT, JOHN OSBORNE,<br>ERIC BOWMAN, POMMER GROUP<br>LLC, ASSIGNMENT DESK WORKS<br>LLC, and GLT2, LLC,<br><br>     *Defendants.* | Civil Action No.<br>2:26-CV-00305-BHH-MHC |
| PATRICK BRYANT,<br><br>     *Third-Party Plaintiff,*<br><br>v.<br><br>NANCY RUTH MACE and MELISSA<br>BRITTON,<br><br>     *Third-Party Defendants.* | **THIRD-PARTY DEFENDANT<br>NANCY RUTH MACE'S RESPONSE<br>TO PATRICK BRYANT'S MOTION<br>TO REMAND** |

Third-Party Defendant, the Honorable Nancy Ruth Mace ("Rep. Mace"), files her response to Third-Party Plaintiff Patrick Bryant's Motion to Remand.

## I. Introduction

Mr. Bryant's Motion to Remand raises two narrow legal issues: was Rep. Mace's Notice of Removal timely filed and, if so, what portions of this civil action does that Notice encompass. The answers to those questions are straightforward. First, Rep. Mace's Notice of Removal was timely. The first time that it was

RCV'D - USDC - CHAS, SC
2026 MAR 23 AM 10:21

ascertainable that this case was removable was when Mr. Bryant filed his Motion for Contempt on January 12, 2026. Rep. Mace filed her Notice of Removal of January 29, 2026, within the 30-day period allowed by 28 U.S.C. § 1446 (b)(3). Contrary to Mr. Bryant's assertions, removal was not ascertainable from Mr. Bryant's Third-Party Complaint (filed November 6, 2025, and served on November 20, 2025) or from the State Court's Gag Order (issued on November 26, 2025).

Second, removal of the entire case is proper in this instance under 28 U.S.C. §§ 1442 (a)(1) and (a)(4). Mr. Bryant's Motion for Contempt—from its face—is a direct attack on acts taken by Rep. Mace under color of her office as a Member of Congress. And because that is the case, and because Mr. Bryant's Motion for Contempt is inextricably intertwined with the substance of the case, 28 U.S.C. § 1442 (d)(1)'s limitation on removal is not applicable to this case. As a result, Rep. Mace's removal of this matter was timely and proper, and Mr. Bryant's Motion to Remand should be denied.

## II. Argument

### A.    *Rep. Nace's Notice of Removal was timely filed under 28 U.S.C. § 1446 (b)(3).*

Mr. Bryant first argues that Rep. Mace's Notice of Removal was not timely filed under 28 U.S.C. § 1446. *See* doc. 7 at 8–10. That is incorrect. The applicable law provides, in pertinent part, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable." *See* 28 U.S.C. § 1446 (b)(3). Put plainly, 28 U.S.C. § 1446 (b)(3) provides that a defendant's 30-day removal clock does not begin until the basis for removal jurisdiction becomes "apparent within the four corners of the initial pleading or subsequent paper. *See Skidmore v. Norfolk S. Ry. Co.*, 1 F.4th 206, 210 (4th Cir. 2021); *see also Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Hurley v. CBS Corp.*, 648 F. App'x 299, 304 (4th Cir. 2016).

It was not apparent "within the four corners" of the initial pleading, in this case, Mr. Bryant's Third-Party Complaint, that the case was removable. In fact, that document is unequivocal that the allegations against Rep. Mace were not connected to Rep. Mace's status as a Member of Congress. *See generally* doc. 7-3. For instance, Mr. Bryant alleged, among other things:

- "Mace . . . engaged in solely personal acts, for her own personal gain, without any relationship to her position as a United States Congresswoman." *See* doc. 3-1 at 13 (¶ 6).

- "These statements were made outside the scope of Mace's employment as a United States Congresswoman. At the time of these statements, Mace had not introduced any bill or other proposed legislation regarding the subject of voyeurism, nor had Mace conceived or drafted any measure related to video-voyeurism or sexual-assault reform." *See* doc. 3-1 at 24 (¶ 78).

- "Mace engaged in these actions on a solely personal basis without relationship to her position as a United States Congresswoman. None of the

acts described herein bear any relation to legitimate legislative, official, or constituent functions." *See* doc. 3-1 at 25 (¶ 87); *id.* at 26 (¶ 94), 27 (¶ 103). Mr. Bryant, from the face of his Third-Party Complaint, made every effort to avoid federal court jurisdiction. As such, Mr. Bryant's argument that Rep. Mace was "on notice of removability" from November 20, 2025, i.e., the date she accepted service of Mr. Bryant's Third-Party Complaint, is misplaced.

Likewise, any argument that Rep. Mace was on notice of removability because of the defenses raised her answer is a non-starter. *See* doc. 7 at 9–10. As the Supreme Court has long-recognized, federal removal rules make "the plaintiff the master of the claim[.]" *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). And under the "well-pleaded complaint rule," it is settled law "that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* Thus, Mr. Bryant's Third-Party Complaint did not trigger the 30-day period during which this case must have been removed.

Nor did the State Court's Gag Order trigger the 30-day period. *See* doc. 7 at 11–14. On November 26, 2025, Judge Hooker *sua sponte* issued the Gag Order, enjoining "all of the above parties, any agents or representatives on behalf of the LLCS, or any of the attorneys for the above parties" from:

a. Making or publishing any comment about any aspect of this case (other than Attorney/Client) via oral, written, social media, text or any other forms of communication;

b. Making or publishing any comment about any party or attorney to this case or anyone connected to this case to any person, entity or otherwise (other than Attorney/Client) via oral, written, social media, text or any other forms of communication;

c. Publishing, transmitting, posting or sharing any documents, videos, photographs or any other materials related to any aspect of this case and/or party and/or attorney and/or any person connected to this case to any person, entity, or otherwise (other than Attorney/Client).

*See* doc. 3-1 at 3–4. The language employed in the Gag Order does not extend—or purport to extend—to activities undertaken within the "legitimate legislative sphere" as would be protected by the Speech and Debate Clause of the United States Constitution. *See* U.S. Const. Art. I, § 6, cl. 1; *see also Gravel v. United States*, 408 U.S. 606, 617 (1972).

That is true for several reasons. First, judicial orders are presumptively lawful, and if the Gag Order *did* expressly extend itself to cover Speech and Debate conduct, it would render the Gag Order facially unconstitutional. *See* U.S. Const. Art. I, § 6, cl. 1. And given the manner in which the Gag Order was issued—*sua sponte* with no pre-Order opportunity for briefing or an opportunity to be heard—if the Gag Order covered Speech and Debate conduct, it implicates significant due

process concerns that should render the Gag Order void ab initio. *See Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Second, the canon of constitutional avoidance (although primarily employed in the context of statutory interpretation) suggests that legal text, such as the Gag Order, should not be interpreted in a manner that may potentially render the text unconstitutional when an alternative interpretation exists which would not raise such problems. *See, e.g., Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (discussing the doctrine of constitutional avoidance). So too here. The plain language of the Gag Order does not extend to conduct covered by the Speech and Debate Clause. Grafting such language onto the Gag Order would both be improper and inconsistent with its plain meaning. As such, the Gag Order did not trigger 28 U.S.C. § 1446 (b)(3)'s 30-day period to file a Notice of Removal, and Rep. Mace's failure to file a Notice of Removal within that timeframe does not bar removal of this action.

That leaves Mr. Bryant's Motion for Contempt. Filed on January 12, 2026, Mr. Bryant's Motion for Contempt identifies actions taken by Rep. Mace which fall squarely within the "legitimate legislative sphere" of the Speech and Debate Clause as violating the Gag Order and asking that Rep. Mace be held in contempt for taking such actions.[1] *See* doc. 7-4 at 2–13. Seeking to punish Rep. Mace for exercising her constitutionally protected rights is when it became ascertainable that this matter was removable, triggering 28 U.S.C. § 1446 (b)(3)'s 30-day window. And Rep. Mace did, in fact, file her Notice of Removal within that timeframe, submitting

---

[1] Including a request that Rep. Mace be thrown in jail. *See* doc. 7-4 at 11 n.3.

the same on January 29, 2026. *See generally* doc. 1. As such, Rep. Mace timely removed this case to federal court. To the extent Mr. Bryant contends otherwise, his Motion should be denied.

**B.     *Removal of the entire civil action is proper under 28 U.S.C. § 1442.***

Mr. Bryant next argues that, even if Rep. Mace's Notice of Removal was timely, that only the Motion for Contempt is subject to removal under 28 U.S.C. § 1442 (d)(1). *See* doc. 7 at 10–11. That argument is unavailing. Starting broadly, 28 U.S.C. § 1442 (a) provides that a civil action commenced in State court directed to any of the following may be removed to district court:

> (1)     [A]ny officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (4)     Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

There is a limitation to this general rule. Section 1442 (d)(1) provides:

> The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

*See* 28 U.S.C. § 1442 (d)(1). As Mr. Bryant tries to argue without merit, because there is "no other basis for removal," then only "that proceeding," e.g., Mr. Bryant's Motion for Contempt, may be properly removed. *See* doc. 7 at 10–11.

But, as the statute plainly states, 28 U.S.C. § 1442 (d)(1)'s limitation applies only when there is no other basis for removal. Here is another basis: Mr. Bryant's Contempt Motion directly challenges acts taken by Rep. Mace under the color of her office as a Member of Congress. The Fourth Circuit has repeatedly held, for decades, that "the right of removal conferred by § 1442 (a)(1) is to be broadly construed." *See Kolibash v. Comm. on Legal Ethics of W.V. Bar*, 872 F.2d 571, 576 (4th Cir. 1989); *see also North Carolina v. Carr*, 386 F.2d 129, 129 (4th Cir. 1967). That is because "in cases where a federal officer is subject to state process for acts performed 'under color' of [her] federal office, the policy of protecting federal officers by guaranteeing them a federal forum should not be frustrated by a 'narrow, grudging interpretation' of the statute." *See Kolibash*, 872 F.2d at 576.

Mr. Bryant's Contempt Motion is not an ancillary issue. It represents a substantive expansion of the case that newly implicates federal interests that did not exist at the time the Third-Party Complaint was filed. Mr. Bryant's Contempt Motion fundamentally changed the nature of this case by directly challenging Rep. Mace's federal duties and constitutional protections. Moreover, Mr. Bryant's Contempt Motion also demonstrates that this entire action has now become inextricably intertwined with Rep. Mace's legislative actions that she undertook in her official capacity as a Member of Congress, including advocacy for and proposed

legislation aimed at sexual abuse survivor protections, women's safety, and over a dozen pieces of legislation which protect women, children, and survivors of abuse.

The *Northrop Grumman* case cited repeatedly by Mr. Bryant has no real impact on the 28 U.S.C. § 1442 (d)(1) analysis. *See Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181 (4th Cir. 2017). To the extent that Mr. Bryant argues that Rep. Mace's § 1442 removal is in furtherance of a "strategic delay," as discussed in *Northrop Grumman*, that position is flatly contradicted by the record. As discussed at length above, Rep. Mace removed this case to federal court within 30 days of when it first became ascertainable through papers filed in the case that Mr. Bryant would seek to challenge acts taken by Rep. Mace under the color of her office as a Member of Congress. And the other cases cited by Mr. Bryant are unpersuasive authority which cannot be reconciled with the Fourth Circuit's pronouncement in *Kolibash*: "the right of removal conferred by § 1442 (a)(1) is to be broadly construed." 872 F.2d at 576.

In no case is that truer than here. Mr. Bryant's Contempt Motion is a direct attack on a federal officer's performance of acts performed under color of her federal office. In doing so, Mr. Bryant has substantially expanded the scope of the civil action and inextricably intertwined the substantive claims with Rep. Mace's performance of her legislative acts. Protecting federal officers by guaranteeing them a federal forum in such circumstances is precisely why 28 U.S.C. § 1442 (a) exists, and, under the purview of that statute, the entire civil action was properly removed to federal court. As such, Mr. Bryant's Motion to Remand should be denied.

## III. Conclusion

Rep. Mace complied with 28 U.S.C. § 1446 (b)(3)'s requirements by filing a Notice of Removal within 30 days of when removability was first ascertainable: the date that Mr. Bryant's Contempt Motion was filed. And Mr. Bryant's Contempt Motion has expanded the scope of the civil action so broadly, directly challenging Rep. Mace's performance of acts performed under color of her office as a Member of Congress and inextricably linking those acts with the substantive claims in this case, that removal of the entire civil action is proper under 28 U.S.C. § 1442 (a). Accordingly, Rep. Mace requests that Mr. Bryant's Motion to Remand be denied.

Submitted and filed this 23rd day of March, 2026.

Dated: March 23, 2026                                  Respectfully Submitted,

_/s/ Signature_____
Rep. Nancy Mace
Pro Se
295 Seven Farms Drive
Suite C-186
Charleston, SC 29492
843.475.9139
nancy@nancymace.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, a true copy of the foregoing

was served to all counsel and parties of record through U.S. mail.

_____