**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Alexis Berg,<br><br>        Plaintiff,<br><br>   v.<br><br>Patrick Bryant, John Osborne, Eric Bowman,<br>Pommer Group LLC, Assignment Desk Works LLC<br>and GLT2, LLC,<br><br>        Defendants. | **C/A No. 2:26-cv-00305-BHH-MHC** |
| Patrick Bryant,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>Nancy Ruth Mace and Melissa Britton,<br><br>   Third-Party Defendants. | **DEFENDANT AND THIRD-PARTY**<br>**PLAINTIFF PATRICK BRYANT'S**<br>**REPLY IN SUPPORT OF**<br>**BRYANT'S MOTION TO REMAND** |

Pursuant to Local Civ. Rule 7.05 (D.S.C.), Defendant and Third-Party Plaintiff Patrick Bryant ("Bryant") hereby files this Reply to Nancy Ruth Mace's ("Mace") Response ("Response") (ECF 19) to Patrick Bryant's Motion to Remand (ECF 7).

## **INTRODUCTION**

Mace's Response asks this Court to accept two inconsistent and mutually exclusive positions. To justify her untimely removal, she insists that nothing in this case made its removability ascertainable until January 12, 2026, when Bryant filed his Contempt Motion against Mace (the "Contempt Motion") to enforce the State Court's November 26, 2025 Gag Order (the "Gag Order"). But to justify the scope of her removal, she simultaneously argues that the federal

1

defenses applicable to the Contempt Motion are also applicable to the entire case such that there exists an "other basis" under 28 U.S.C. § 1442(d)(1) that permits the removal of the entire case along with the Contempt Motion. Both cannot be true.

First, the record demonstrates that Mace was on notice of the asserted basis under 28 U.S.C. 1442 §§ (a)(1) and (a)(4) for removal long before her attempted removal on January 29, 2026. The Third-Party Complaint, served on Mace on November 20, 2025, put her on notice that she had potential defenses based on her status as a congresswoman. This is incontrovertible because Mace responded to the Third-Party Complaint by asserting federal defenses tied directly to her role as a congresswoman. Additionally, the State Court's Gag Order then broadly placed restrictions on the speech of all Parties in a manner that Mace herself contended implicated her federal constitutional protections and official duties. **However, Mace did not remove the Third-Party Complaint within thirty (30) days of service of the Third-Party Complaint and did not remove the Gag Order within thirty (30) days of its issuance.** Instead, Mace litigated, answered, and sought relief in State Court since November 20, 2025. Only later, after a December 30, 2025 hearing on a number of dispositive motions and on the eve of a pending hearing in State Court, Mace opted to remove the case in a strategic attempt to delay proceedings.

Moreover, the arguments raised in Mace's Response are ineffective. The well-pleaded complaint rule does not apply to Mace's attempt to remove under 28 U.S.C. § 1442(a)(1). As such, Mace cannot use it to justify her untimely removal of the case. Additionally, the Gag Order's broad terms plainly put Mace on notice that it could potentially be applied to her congressional duties—even the Speech and Debate Clause.[1] Finally, Mace did not, and cannot, articulate a valid reason as to why 28 U.S.C. § 1442(d)(1) does not restrict the possible removal of the Gag Order and

---

[1] Although Bryant does not believe he has sought to restrict any speech made by Mace and covered by the Speech or Debate Clause.

Contempt Motion to only those ancillary issues and foreclose removal of the entire case. Therefore, Bryant's Motion to Remand should be granted.

## ARGUMENT

I.   **MACE'S ATTEMPT TO REMOVE THE ENTIRE CASE IS NOT TIMELY UNDER 28 U.S.C. § 1446.**

Mace's January 29, 2026[2] attempt to remove the entire case is barred by 28 U.S.C. § 1446(b) because her removal was attempted more than thirty (30) days after she was on notice of the case's potential removability. The standard for when the thirty (30) days to remove begins to run is when a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (citing § 1446(b)(3).) Here, that standard was met both by Bryant's initial Third-Party Complaint, served on November 20, 2025, and the Gag Order, filed on November 26, 2025—each more than thirty (30) days prior to Mace's filing of her Notice of Removal on January 29, 2026.

A.   **MACE'S CITATION TO THE WELL-PLEADED COMPLAINT RULE IS INCORRECT**

In an effort to argue that Bryant's Third-Party Complaint did not start the clock on the case's removability when served on her on November 20, 2025, Mace claims that the Third-Party Complaint is limited here to conduct outside the scope of her congressional duties prevented the case from being removed in accordance with the "well-pleaded complaint rule." However, it is well established that the well-pleaded complaint rule does not apply to federal officer removal under 28 U.S.C. §§ 1442(a)(1) and (a)(4), which are the statutes chosen by Mace as the vehicle for her removal.

---

[2] Or February 03, 2026 attempt, if the Date of the Amended Notice of Removal is the correct date. Either date is untimely.

Ordinarily, "the well-pleaded-complaint rule enables [the plaintiff], by eschewing claims based on federal law, to have the cause heard in state court." *Holmes Grp. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (cleaned up). However, the federal officer removal statute "is an exception to the well-pleaded complaint rule" insofar as it "allows suits against federal officers to be removed despite the nonfederal cast of the complaint…" *Maryland v. 3M Co.*, 130 F.4th 380, 388 (4th Cir. 2025), cert. denied, No. 25-517, 2026 WL 568301 (U.S. Mar. 2, 2026) (citing *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006)). Accordingly, the proper analysis regarding the Third-Party Complaint is merely whether it provided notice to Mace of its removability. 28 U.S.C. § 1446(b)(3). It clearly did provide such notice in light of Mace's arguments in her Response that the underlying case and Contempt Motion are "inextricably intertwined." Moreover, "§ 1442(a)(1) is meant to ensure a federal forum in any case where a federal official or private actors acting on that official's behalf ***may raise a defense*** arising out of his official duties." *Maryland* at 387 (citing *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 185 (1st Cir. 2024.)(emphasis added)). Here, Mace specifically raised defenses arising out of her position as a congresswoman and federal law in her Answer to the Third-Party Complaint filed on December 12, 2025. Specifically, Mace asserted that actions at issue in the Third-Party Complaint were made during the scope of her employment as a United States Congresswoman and protected under (1) the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA"); (2) Westfall Act, 28 U.S.C. § 2679 ("Westfall"); and (3) the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1. (ECF 3-1 pp. 58-84 ¶¶ 149, 152,157, 160, 161 (unnumbered).) Accordingly, the case was plainly removable upon service of the Third-Party Complaint on Mace on November 20, 2025, as it placed Mace on notice of her possible federal officer defenses, and Mace's subsequent removal on January 29, 2026 was

untimely.

**B.    THE STATE COURT'S GAG ORDER ALSO PROVIDED SUFFICIENT NOTICE UNDER 28 U.S.C. § 1446(b)(3)**

Next, Mace argues in her Response that the Gag Order issued on November 26, 2025 did not put her on notice of removability because it did not extend to activities protected by the Speech and Debate Clause of the United States Constitution. U.S. Const. Art. I, § 6, cl. 1. This argument is a red herring, both because whether the Gag Order implicated the Speech and Debate Clause is not the controlling issue in the analysis and because the Gag Order's terms were in fact broad enough to implicate all of Mace's alleged federal defenses she asserts in her Notice of Removal.

As discussed above, the analysis for when the thirty (30) days for removability begins to run is when Mace received an "amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Applied to Mace's removal under 28 U.S.C. §§ 1442(a)(1) and (a)(4), the issue is whether this particular order was directed at Mace in a way that could be interpreted as "relating to any act under color of" her office, or related to "any act in the discharge of [her] official duty" as a congresswoman. 28. U.S.C. §§ 1442(a)(1) and (a)(4). The Gag Order provides notice that it could be applied to Mace's congressional duties.

Specifically, the November 26, 2025, Gag Order, which Bryant later filed a Contempt Motion merely to enforce, broadly prohibits:

> **a.**    Making or publishing any comment about any aspect of this case (other than attorney client communications) via oral, written, social media, text or any other form of communication;
>
> **b.**    Making or publishing any comment about any party or attorney to this case or anyone connected to this case (other than attorney client communications) via oral, written, social media, text or any other form of communication; and
> **c.**    Publishing, transmitting, posting or sharing any documents, videos, photographs or any other materials related to any aspect of this case and or any

5

party and or attorney and or any person connected to this case (other than attorney client communications). (ECF 3-1 pp. 2-5 *November 26, 2025 Gag Order*)

On its face, the Gag Order's terms can conceivably be applied to Mace's congressional duties and even those covered by the Speech and Debate Clause. Moreover, Mace plainly recognized this possibility upon receipt of the Gag Order because she raised these concerns in her Motion to Vacate the Gag Order filed on December 29, 2025. (ECF 3-1 pp. 87-113.) Within the Motion to Vacate, Mace argued that the Gag Order "is a violation not only of Congresswoman Mace's fundamental rights to freedom and speech and due process, but also because the Congresswoman is a federal legislator, the protections afforded her by the Speech or Debate Clause of the United States Constitution." (ECF 3-1 p. 88 Motion to Vacate at p. 2.) Mace also argued that the Gag Order improperly restrained her from disseminating information and materials "that are indisputably of public interest and concern to her constituents." (*Id*.) As a result, even if the Third-Party Complaint somehow did not start the clock on the case's removability (it did), the Gag Order plainly raised its own issues pertaining to Mace's congressional duties and made Mace's subsequent removal attempt untimely.

**II.    28 U.S.C. § 1442(d)(1) DOES NOT PROVIDE THE COURT WITH JURISDICTION OVER THE ENTIRE CASE UPON THE REMOVAL OF THE CONTEMPT MOTION**

Mace's claim that the Contempt Motion is a "substantive expansion" of the case that makes—for the first time—the entire case removable is simply not true. The Contempt Motion is precisely the type of ancillary proceeding contemplated by 28 U.S.C. § 1442(d)(1) whose potential removability does not allow the rest of the case to be removed along with it.    Specifically, 28 U.S.C. § 1442(d)(1) permits the removal of "ancillary proceedings" within a civil action but also provides that "If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, *only that proceeding* may be removed to the district court."

6

(emphasis added.) Critically, "[i]f "only" some portion of a proceeding is removable, then that necessarily implies that other portions of that proceeding are not…any other reading of the statute would "create an incentive for forum shopping" and make the availability of a federal forum unduly dependent on the manner by which a litigant chooses to challenge federal action—whether in an independent suit or through a motion ancillary to some other claim." *Hammer v. United States Dep't of Health & Hum. Servs.*, 905 F.3d 517, 528 (7th Cir. 2018) (citing *Doe v. Office of Refugee Resettlement*, 884 F.3d 269, 273 n.8 (5th Cir. 2018) *and Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017)).

Here, any ruling by a court – state or federal – on Bryant's Contempt Motion, would have no effect on the substance of the claims at issue in the Third-Party Complaint. Moreover, to the extent Mace argues that the broad removability contemplated by 28 U.S.C. § 1442 (a)(1) permits the removability of the rest of the case as the "other basis," she is in effect conceding that the case was removable upon service of the Third-Party Complaint and therefore that her removal was untimely. An illustrative hypothetical is to consider whether the rest of the case would be properly removable if the Contempt Motion was never filed, is denied, and/or the Gag Order lifted. If the answer is "yes," then Mace's attempt to remove the entire case was not timely as it must then have been removable upon service of the Third-Party Complaint. If the answer is "no," then the case falls squarely within 28 U.S.C. § 1442(d)(1) and the rest of the case cannot be bootstrapped to and removed with the Contempt Motion as there is no "other basis" for removal. Thus, whichever route the Court chooses to take, the result is the same, and the case must be remanded back to the State Court.

## CONCLUSION

For all of the reasons discussed above, Bryant respectfully requests that this Court remand

the case back to the Charleston County Court of Common Pleas.

Dated: March 30, 2026                    GORDON REES SCULLY MANSUKHANI LLP

By:    *s/ Nosizi Ralephata*
       Nosizi Ralephata (Fed. 09685)
       E-mail: nralephata@grsm.com
       Matthew Gallo (Fed. 14606)
       E-mail: mgallo@grsm.com
       William J. Blount  (Fed. 13398)
       E-mail: wblount@grsm.com
       677 King Street, Suite 450
       Charleston, South Carolina 29403
       Telephone: (843) 278-5900
       Facsimile: (843) 804-4691
       *Attorneys for Defendant and Third-Party*
       *Plaintiff Patrick Bryant*

8