UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alex Berg, | ) | C/A No. 2:26-cv-00305-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Patrick Bryant; John Osborne; | ) | |
| Eric Bowman; Pommer Group, LLC; | ) | |
| Assignment Desk Works, LLC; | ) | |
| GLT2, LLC; | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Patrick Bryant, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nancy Ruth Mace and Melissa Britton, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

This action was removed to this Court from state court by Third-Party Defendant Nancy Ruth Mace ("Mace"), proceeding pro se, on January 29, 2026. ECF No. 1. Before the Court is Defendant and Third-Party Plaintiff Patrick Bryant's ("Bryant") Motion to Remand. ECF No. 7. Mace filed a Response, ECF No. 19, and Bryant filed a Reply, ECF No. 20. The Motion is ripe for review. This Report and Recommendation is entered for review by the District Judge.[1]

---

[1] All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C.

1

## PROCEDURAL BACKGROUND

Plaintiff Alexis Berg ("Berg") filed this case in Charleston County Court of Common Pleas on May 29, 2025, against Bryant, Eric Bowman ("Bowman"), John Osborne ("Osborne"), Pommer Group LLC, Assignment Desk Works LLC and GLT2, LLC, all of whom are South Carolina citizens. ECF No. 7-1, Amended Complaint ¶¶ 1–8. Berg alleges that she was the victim of a sexual assault that occurred on October 26, 2018, and which she did not discover until contacted by Mace. *Id.* ¶ 14.

On November 6, 2025, Bryant filed a Third-Party Complaint, naming Mace as a Third-Party Defendant and alleging that Mace "engaged in solely personal acts, for her personal gain, without any relationship to her position as a United States Congresswoman" when she committed acts amounting to (1) defamation, (2) intentional infliction of emotional distress, (3) conversion, (4) invasion of privacy, and (5) civil conspiracy by hacking and stealing Bryant's personal cellphone before concocting a scheme to falsely accuse Bryant of filming a fabricated sexual assault of Berg. ECF No. 3-1 at 12–30 ¶¶ 6–114. Bryant alleges that following her unauthorized access to Bryant's cellphone, Mace issued a letter to Bryant that included accusations of criminal voyeurism and warned of disastrous financial consequences. *Id.* ¶ 38. The Third-Party Complaint further alleges that Mace's behavior was intended to blackmail Bryant to pressure Bryant into transferring ownership of properties to Mace. *Id.* ¶¶ 38–40. Bryant's Third-Party Complaint was served on Mace on November 20, 2025. ECF No. 7-2.

On November 17, 2025, Bryant filed his Motion for Temporary Restraining Order against Mace to stop her from repeatedly defaming him in public. ECF No. 7-3. The Motion for Temporary Restraining Order sought relief in the form of an order that would, in part:

> enjoin Mace from using any personal social media platform, Congressional social media account, campaign account, press conference, interview, podcast, or

communications with reporters to publish, post, or comment on: (1) Bryant; (2) Bryant's counsel; and (3) any claimed evidence related to this case including the alleged other women and their relationships with Bryant.

*Id.* at 4.

The state court judge did not issue an order regarding the Motion for Temporary Restraining Order. Rather, on November 26, 2025, the state court *sua sponte* entered a Gag Order on all Parties which prohibits:

a. Making or publishing any comment about any aspect of this case (other than attorney client communications) via oral, written, social media, text or any other form of communication; b. Making or publishing any comment about any party or attorney to this case or anyone connected to this case (other than attorney client communications) via oral, written, social media, text or any other form of communication; and c. Publishing, transmitting, posting or sharing any documents, videos, photographs or any other materials related to any aspect of this case and or any party and or attorney and or any person connected to this case (other than attorney client communications).

ECF 3-1 at 2–5.

On December 12, 2025, Mace, represented by counsel, filed an Answer to Bryant's Third-Party Complaint in state court, asserting that her alleged actions were within the scope of her employment as a United States Congresswoman and protected under the following laws: (1) the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA"); (2) the Westfall Act, 28 U.S.C. § 2679 ("Westfall"); and (3) the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1. ECF 3-1 at 58–84, Mace Ans. to Third-Party Compl. ¶¶ 10, 149, 152, 157, 160, 161.

On December 29, 2025, Mace, through counsel, filed a Memorandum in Opposition to Third-Party Plaintiff Patrick Bryant's Motion for Temporary Restraining Order and Motion to Vacate or Modify Gag Order ("Motion to Vacate"). ECF 3-1 pp. 87–113. Within the Motion to Vacate, Mace argued that the Gag Order "is a violation not only of Congresswoman Mace's fundamental rights to freedom of speech and due process but also, because the Congresswoman is a federal legislator, the protections afforded her by the Speech or Debate Clause of the United

States Constitution." *Id.* at 88. Mace also argued that the Gag Order improperly restrained her from disseminating information and materials "that are indisputably of public interest and concern to her constituents." *Id.*

On January 12, 2026, Bryant and Bowman jointly filed an Order to Show Cause and Motion for Civil Contempt, moving "for an Order to Show Cause holding Third Party Defendant Nancy Ruth Mace in civil contempt for repeated violations of this Court's November 26, 2025 Gag Order." ECF No. 7-4, Contempt Motion. The Contempt Motion alleges that Mace violated the Gag Order by: (1) posting about Bowman on her verified X account @RepNancyMace; (2) posting "IMPEACH ALL CORRUPT JUDGES" and "Especially including those in South Carolina SPECIFICALLY" on her X account @RepNancyMace on November 28, 2025; (3) posting a video to her Instagram account @repnancymace on December 27, 2025, in which she discussed Bowman and this litigation; and (4) a newsletter email sent by Mace's Congressional Office on December 1, 2025, in which she renewed her accusations against Bryant, and represented that new women had come forward to report abuse, claims of child sexual materials, and rape. ECF No. 7-4 at 5–6.

On January 13, 2026, the state court issued a Supplemental Gag Order, clarifying that nothing in the Gag Order shall be construed to prohibit or restrict: "a. Communications with law enforcement, local, state or federal agencies, including Solicitor's and Attorney General Offices with respect to active criminal investigations; b. Legislative bodies (federal and state) with respect to active criminal investigations; c. Statements or disclosures required by Court Order, subpoena, or any other lawful process." ECF 1-4 (further stating, "The original Order and this Supplemental Order shall remain in full force and effect unless changed by a future Court Order").

On January 29, 2026, Mace, proceeding pro se, filed in this Court a "Supplemental Notice of Removal Removing Entire Case to Federal Court." ECF No. 1. She asserts that she previously removed the Contempt Motion,[2] which alleges that Mace violated the Gag Order, and that the "adjudication of the constitutionality of the Gag Order is subsumed by the [Contempt] Motion." *Id.* at 2 ¶ 2. She also asserts that removal is appropriate under 28 U.S.C. § 1442 because "the entire action is inextricably intertwined with legislative actions that Rep. Mace undertook in her official capacity as a member of the U.S. Congress, including but not limited to advocacy and proposed legislation aimed at sexual abuse survivor protections and women's safety and over one dozen pieces of legislation protecting women and children and survivors of abuse." *Id.* at 2 ¶ 3.

On February 3, 2026, Mace filed an Amended Notice of Removal in which she asserts that she is removing "the matter initiated by the Third Party Complaint filed by [Bowman] against Rep. Mace . . . including but not limited to the Order to Show Cause and Motion for Civil Contempt." ECF No. 3 at 1 ¶ 1. In the Amended Notice, she contends that removal is appropriate under 28 U.S.C. § 1442(a) for the following reasons: "(1) the Motion to hold Rep. Mace in contempt arises out of statements that she has made in her official capacity as a Member of Congress and (2) Rep. Mace can raise one or more defenses involving questions of federal law to the Motion, including, but not limited to, sovereign immunity." *Id.* at 2 ¶ 4.

---

[2] On the same day that Mace filed the instant case in federal court, she also filed a Notice of Removal initiating Civil Action 2:26-cv-00306-BHH-MHC, in which she "removes to this Court the Order to Show Cause and Motion for Civil Contempt ('Motion') filed against her in the South Carolina Court of Common Pleas for the Ninth Judicial District ('State Court') by Defendants Patrick Bryant and Eric Bowman in case number 2025CP1003124." *Mace v. Bryant et al*, 2:26-cv-00306-BHH-MHC, Dkt. No. 1 (Jan. 29, 2026). No party has moved to remand that civil action, which concerns only Bryant's Contempt Motion, nor has any party moved to consolidate that action with this one.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. *See* 28 U.S.C. § 1441(a). Additionally, pursuant to the federal officer removal statute, a civil action that is commenced in state court against "[a]ny officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House," or against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office," may be removed by that defendant to the district court of the United States for the district and division where the state court action is pending. 28 U.S.C. § 1442(a)(1), (4). For purposes of § 1442, "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). However, "[i]f removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court." *Id.*

To remove a civil action from a state court, a defendant must file a notice of removal in the district court of the United States for the district and division within which such action is pending. 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*

6

§ 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Where a civil action that is removable under § 1442(a) "is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of [§ 1446(b)] . . . is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding." 28 U.S.C. § 1446(g).

When a plaintiff believes removal was procedurally improper and seeks to remand the case on that basis, he must move to remand "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). A motion to remand based on the court's lack of subject matter jurisdiction, by contrast, may be raised at any time. *See id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## DISCUSSION

Mace filed her "Supplemental Notice of Removal Removing Entire Case to Federal Court," pursuant to 28 U.S.C. § 1442, on January 29, 2026, asserting that "the entire action is inextricably intertwined with legislative actions that Rep. Mace undertook in her official capacity as a member of the U.S. Congress." ECF No. 1 at 2. Bryant filed his Motion to Remand within 30 days after the case was removed to federal court. ECF No. 7.

In his Motion, Bryant contends that this attempt to remove the entire case is barred by 28 U.S.C. § 1446(b) because the removal was filed more than 30 days after service upon Mace of Bryant's Third-Party Complaint on November 20, 2025. ECF No. 7 at 9. Bryant notes that in

Mace's initial Answer to Bryant's Third-Party Complaint, filed on December 12, 2025, Mace asserted that her alleged actions were made during the scope of employment as a United States Congresswoman and protected under the FTCA, the Westfall Act, and the Speech or Debate Clause of the U.S. Constitution. *Id.* at 9–10 (citing ECF No. 3-1 at 58–84). Bryant thus contends that Mace's grounds for attempting to remove the entire case "were known to her when she accepted service of the Third-Party Complaint, at the earliest, or by December 12, 2025, when she filed her Answer and asserted her affirmative defenses," such that the 30-day deadline began to run, at the latest, on December 12, 2025, and expired before she removed the case on January 29, 2026. *Id.* at 10.

Bryant also argues that "the potential removability of the January 12, 2026, Contempt Motion cannot be used to remove the entire case where Mace has previously failed to timely remove the case within thirty (30) days of her receipt of the Third-Party Complaint." ECF No. 7 at 11. Specifically, Bryant acknowledges that 28 U.S.C. § 1442(d)(1) permits the removal of ancillary proceedings within a civil action, but he notes that § 1442(d)(1) also provides as follows: "If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, ***only that proceeding*** may be removed to the district court." *Id.* (emphasis in original) (quoting 28 U.S.C. § 1442(d)(1)). Bryant concludes that "removal of an ancillary proceeding under § 1442(d)(1) cannot be used to remove a primary civil action for which the time to remove has already expired." *Id.* at 11.

Finally, Bryant contends that "Mace's attempt to remove the Contempt Motion is actually an untimely attempt to remove the state court's November 26, 2025, Gag Order following a strategic delay." ECF No. 7 at 12. He argues that the terms of the Gag Order put Mace on notice that the Gag Order potentially implicated federal issues under § 1442 that she raises in her

8

Amended Notice of Removal, such that the Gag Order satisfied the notice requirements of § 1446(b)(3). ECF No. 7 at 12. He also contends that the arguments she raised in her December 29 Motion to Vacate the Gag Order demonstrate the possible application of the Gag Order to her congressional functions. *Id.* Bryant argues that the Contempt Motion should be remanded along with the rest of the case because Mace's attempt to remove the January 12, 2026 Contempt Motion, which seeks enforcement of the plain terms of the Gag Order, is a "strategic abuse" and should not be permitted. *Id.* at 13–14.

In her Response, Mace argues that the 30-day removal clock does not begin until the basis for removal jurisdiction becomes apparent within the four corners of the initial pleading or subsequent paper. ECF No. 19 at 3. She maintains that Bryant's Third-Party Complaint "is unequivocal that the allegations against Rep. Mace were not connected to Rep. Mace's status as a Member of Congress." *Id.* (citing ECF No. 3-1 at 13 ¶ 6, 24 ¶ 78, 25 ¶ 87, 26 ¶ 94, 27 ¶ 103). She thus contests Bryant's argument that she was on notice of removability from November 20, 2025, the date she accepted service of the Third-Party Complaint. *Id.* at 4. Mace also argues that the defenses raised in her December 12 Answer could not possibly place her on notice of removability because it is "settled law" under the "well-pleaded complaint rule" that a case may not be removed to federal court on the basis of a federal defense. *Id.*

She maintains that the plain language of the November 26 Gag Order similarly did not trigger the 30-day removal period. *Id.* at 4–6. Rather, she contends it was not until Bryant's Contempt Motion, filed on January 12, 2026, that "it became ascertainable that this matter was removable, triggering 28 U.S.C. § 1446(b)(3)'s 30-day window." ECF No. 19 at 6. She maintains that the Contempt Motion "is not an ancillary issue" but rather "represents a substantive expansion of the case that newly implicates federal interests that did not exist at the time the Third-Party

Complaint was filed." *Id.* at 8. Mace concludes that she timely filed her Supplemental Notice of Removal in federal court later that month on January 29, 2026, and that removal of the entire case is proper under 28 U.S.C. § 1442(a)(1) and (a)(4). *Id.* at 2, 7–10.

Upon review, the undersigned finds that Mace had notice of the removability of the case pursuant to 28 U.S.C. § 1442 by December 12, 2025, the date that she asserted federal defenses in her Answer to the Third-Party Complaint. Importantly, § 1442(a) creates "an exception to the well-pleaded complaint rule insofar as it allows suits against federal officers to be removed despite the nonfederal cast of the complaint, and reflects a congressional policy that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Maryland v. 3M Co.*, 130 F.4th 380, 388 (4th Cir. 2025) (citation and quotation marks omitted), *cert. denied,* 224 L. Ed. 2d 168 (Mar. 2, 2026); *see Mesa v. California*, 489 U.S. 121, 136 (1989) (explaining that § 1442(a) "serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged"); *W. Va. State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 297 (4th Cir. 2022) (explaining that § 1442(a) creates "an exception to the well-pleaded complaint rule, which, absent diversity, prohibits removal unless a federal question appears on the face of the complaint").

In her December 12 Answer, Mace clearly raised federal defenses arising out of her official duties, including protection under the FTCA, the Westfall Act, and the Speech or Debate Clause of the U.S. Constitution. ECF No. 3-1 at 58–84; *see 3M Co.*, 130 F.4th at 387 (explaining that "§ 1442(a)(1) is meant to ensure a federal forum in any case where a federal official . . . may raise a defense arising out of his official duties" (citation and quotation marks omitted)). Thus, by December 12, 2025, Mace was on notice that the case was subject to removal pursuant to § 1442(a),

such that the 30-day removal clock began to run at that time and expired, at the latest, on January 11, 2026.

Furthermore, on December 29, 2025, Mace reasserted some of her federal defenses in her Motion to Vacate or Modify Gag Order, wherein she argued that the November 26 Gag Order improperly restrained her from disseminating information and materials "that are indisputably of public interest and concern to her constituents" and that the Gag Order "is a violation not only of Congresswoman Mace's fundamental rights to freedom of speech and due process but also, because the Congresswoman is a federal legislator, the protections afforded her by the Speech or Debate Clause of the United States Constitution." ECF 3-1 at 88. Thus, it is clear from the Motion to Vacate that Mace knew by December 29, 2025, that the Gag Order could be interpreted as "relating to any act under color of" her office or related to "any act in the discharge of [her] official duty" as a congresswoman. *See* 28 U.S.C. §§ 1442(a)(1) and (a)(4). Accordingly, even if the 30-day clock did not begin to run until that date, it would have expired on January 28, 2026, the day before she filed her Notice of Removal.

Because Mace did not file her Supplemental Notice of Removal removing the entire case until January 29, 2026, the removal of the entire state court case was untimely. Accordingly, the undersigned recommends that Bryant's Motion to Remand be granted and that this action be remanded to state court.[3]

---

[3] As noted above in footnote 2, Civil Action 2:26-cv-00306-BHH-MHC, in which Mace purported to remove only Bryant's Contempt Motion from the underlying state court action, is still pending in this federal court, and no party moved to remand that proceeding. *See Mace v. Bryant et al*, 2:26-cv-00306-BHH-MHC. Accordingly, this Report and Recommendation does not make any recommendation as to that pending federal proceeding.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Bryant's Motion to Remand

(ECF No. 7) be **GRANTED** and that the case be **REMANDED** to state court.

**The parties are referred to the Notice Page attached hereto.**


June 17, 2026                                    Molly H. Cherry
Charleston, South Carolina              United States Magistrate Judge

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

13